# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RAVEN JAVAY HARRIS &<br>WILLIE EARL HORSLEY, SR.,<br><br>    Defendants. | No. 16-MJ-33<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is the pretrial detention of Defendants Raven Javay Harris and Willie Earl Horsley, Sr. (collectively, "Defendants") in the above-captioned matter.

## *II. RELEVANT PROCEDURAL BACKGROUND*

On February 16, 2016, a criminal complaint (docket no. 3) was filed against Defendants alleging possession of a firearm and ammunition by prohibited persons, in violation of 18 U.S.C. §§ 922(g)(3) & 924(a)(2). On February 18, 2016, Defendants appeared before Chief Magistrate Judge Jon S. Scoles for an initial appearance, following which Defendants were temporarily detained pending a detention hearing. *See* February 18, 2016 Minute Entry (docket nos. 15, 16). On February 22, 2016, Pretrial Service Reports were filed regarding Defendant Harris (docket no. 18) and Defendant Horsley (docket no. 19). On February 23, 2016, the court held a detention hearing. *See* February 23, 2016 Minute Entry (docket no. 20). At the hearing, the government was represented by Assistant United States Attorney Lisa Williams. Defendant Harris was represented by her attorney, B. John Burns, and Defendant Horsley was represented by his attorney, Michael Lindeman.

## III. RELEVANT FACTUAL BACKGROUND

### A. *Testimony*

At the detention hearing, the government offered the testimony of Investigator Nick Schlosser of the Dubuque Police Department. Investigator Schlosser testified to the following facts regarding the instant matter.

On January 3, 2016, officers responded to a call that a two-year-old child suffered a gunshot wound to the face at Defendants' residence. When officers arrived at the scene, the victim, J.H. (Defendants' son), was transported to a hospital where he ultimately survived his injuries and is expected to make a full recovery.

During the subsequent investigation of the shooting, officers determined that the shooting was accidental. The firearm responsible for J.H.'s injuries belonged to Defendants. Defendants were not present in the room at the time of the shooting, but they were elsewhere in the home. Defendants told law enforcement that it was their practice to alternate their possession of the firearm, such that Defendant Harris carried the firearm when Defendant Horsley was unable to do so, and vice versa.

During the execution of a search warrant at Defendants' home, officers found a grinder and pipe consistent with marijuana usage, as well as two shotguns (in addition to the .45 caliber handgun involved in the shooting). Defendants admitted that they used marijuana on a regular basis. Defendant Harris stated that she had smoked marijuana earlier on the day of the shooting, while Defendant Horsley stated that he had not. Defendants both tested positive for marijuana. Additionally, hair tests of Defendants' three children were positive for marijuana and the two youngest children—W.H. and J.H.—tested positive for cocaine. Since the shooting, Defendants' children have been placed in foster care.

## B. Pretrial Services Report

Defendants have been engaged since approximately November of 2015. Until recently, Defendants raised three children together—two sons born to their relationship and Defendant Harris's son from a prior relationship. Since the shooting, all three children have been in the custody of the Iowa Department of Human Services ("DHS") and placed in foster care. Defendants are currently under DHS supervision. One condition of supervision requires Defendants to secure their own residence and, prior to being detained, Defendants intended to move into an apartment to satisfy that condition. However, for purposes of pretrial release, Defendants have stated their intention of returning to live with Defendant Horsley's parents—Johnny and Doris Horsley—where they have lived since January of 2016. Mr. and Mrs. Horsley have consented to this arrangement.

Defendant Harris is a stay-at-home mother and has not been formally employed since 2011. She receives monthly food stamps, and receives SSI payable to her son, who has a learning disorder. Defendant Horsley has been continuously employed in the same job since 2012, but is currently on medical leave following a recent car accident. Prior to 2012, Defendant held a variety of positions. Neither defendant has significant liabilities beyond typical monthly expenses, such as rent, utilities, etc.

Both defendants report using marijuana multiple times per week. Defendant Harris has no prior convictions, but currently faces felony child endangerment charges in state court related both to the accidental shooting underlying the instant case and another instance of alleged child abuse. Defendant Horsley received a deferred judgment on a felony drug charge in 2010 and successfully completed a two year probationary term. Defendant Horsley also faces felony child endangerment charges in state court arising from the accidental shooting.

## III. ANALYSIS

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trials is the carefully limited exception." *Id.* at 755.

### A. Legal Standard

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A)-(E). The last two enumerated circumstances involve "risk factors," such as a serious risk of flight or a serious risk that the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A)-(B).

Regarding the second step, if after a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *see also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### *B. Application*

The criminal complaint alleges that Defendants possessed firearms and ammunition as prohibited persons. Therefore, regarding step one in the analysis, the court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Although the weight of the evidence against Defendants is strong and they face very serious allegations, the underlying circumstances do not raise significant concerns that Defendants pose a danger to the community. At all times relevant to the allegations, the firearms in Defendants' possession remained within their home. This fact, combined with

5

the tragic events underlying the offense, suggest that only Defendants' children would be potentially endangered by Defendants' release. However, the children are presently in foster care and Defendants may only visit them under DHS supervision, drastically mitigating any dangers that Defendants pose to their safety. Outside the circumstances of the offense, the court is troubled by Defendants' regular use of marijuana. However, the court notes that Defendant Harris is already scheduled to begin substance abuse treatment and, to the extent Defendants' marijuana usage poses any danger to the community, the court is satisfied that conditions placed on their release will effectively eliminate such danger. Defendant Horsley's success during his two-year term of probation in state court indicates that he is particularly capable of adhering to such conditions. Therefore, based on these observations, the court concludes that there are conditions available to reasonably assure the safety of the community if Defendants are released pending trial.

Defendant Harris has lived in the Dubuque community for four years. Defendant Horsley has lived in the community for seven and one-half years. They lived together with Mr. and Mrs. Horsley prior to their detention. Mr. and Mrs. Horsley have consented to having Defendants continue living with them and the United States Probation Office has determined that Mr. and Mrs. Horsley's residence is suitable for pretrial release. Further, although Defendant Horsley is on medical leave until July 2016, he has continuously held a job in Dubuque for nearly four years and does not appear to have any notable gaps in employment dating back to 2006. Most significantly to the issue of Defendants' appearance, however, is DHS's ongoing supervision and custody of Defendants' children. In addition to the conditions the court will place on Defendants during their pretrial release, Defendants are further subject to DHS's conditions, which are tailored to their ability to regain custody of their children. As such, any non-appearance or violation of the court's conditions will not only result in their revocation of pre-trial release and arrest, but will also create additional obstacles to their ability to regain custody, generating

increased motivation to appear and comply with conditions of release. Therefore, based on these observations, the court concludes that there are conditions available to reasonably assure Defendants' appearance.

## IV. CONCLUSION

In light of the foregoing, the United States Marshals Service is hereby **DIRECTED** to release Defendants from custody. Upon release from custody, Defendants shall immediately report to the United States Probation Office, located at the United States Courthouse, 111 Seventh Avenue SE, Cedar Rapids, Iowa, to review their conditions of release and complete the associated paperwork.

**IT IS SO ORDERED.**

**DATED** this 26th day of February, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA